No. 47 January 23, 2025 489

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of H. L. H., aka H. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

H. L. H.,
aka H. H.,
*Respondent,*

*v.*

A. E. H.,
aka A. H., aka A. E. H.,
*Appellant.*

Morrow County Circuit Court
22JU04944; A184376 (Control)

In the Matter of H. B. H., aka H. B. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*
*and*

H. B. H.,
aka H. B. H.,
*Respondent*

*v.*

A. E. H.,
aka A. H., aka A. E. H.,
*Appellant.*

Morrow County Circuit Court
22JU04945; A184376 (Control), A184378

Robert W. Collins, Jr., Judge.

Submitted December 5, 2024.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

George W. Kelly filed the brief for respondent children.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent Department of Human Services.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Father appeals from a judgment terminating his parental rights to his two children, ages five and six at the time of the termination trial. In sixteen assignments of error, father argues that the juvenile court erred by ruling that he was unfit under ORS 419B.504; he does not challenge the court's best-interest determination. On *de novo* review as required by ORS 419A.200(6) and ORS 19.415(3)(a), we conclude that the court did not err in terminating father's parental rights. Accordingly, we affirm.

A juvenile court may terminate a parent's parental rights if the court determines that, at the time of trial, the parent is "unfit by reason of conduct or condition seriously detrimental to the child" and if integration of the child into the parent's home is "improbable within a reasonable time due to conduct or conditions not likely to change." ORS 419B.504. Termination must be in the child's best interests. ORS 419B.500(1). In reviewing *de novo*, we examine the record "with fresh eyes" to determine whether the evidence developed before the juvenile court persuades us that those legal requirements for termination were met. *See Dept. of Human Services v. T. L. M. H.*, 294 Or App 749, 750, 432 P3d 1186 (2018), *rev den*, 365 Or 556 (2019). In so doing, we generally defer to the court's demeanor-based credibility findings but not to findings that "appear to have been driven by a comparison of the testimony with the substance of other evidence." *Dept. of Human Services v. H. R. E.*, 297 Or App 247, 248 n 3, 441 P3d 726 (2019).

After reviewing the entire record, including giving weight to the juvenile court's demeanor-based credibility findings, we conclude that the court did not err by terminating father's parental rights. Father was in a domestically violent relationship with mother, who is not a party to this appeal, and he does not have a viable plan for the children's return. Moreover, the record reflects that father has not shown accountability for his conduct, he does not recognize the impact of that conduct on his children, he has not made significant progress in addressing the conduct that resulted in the juvenile court taking jurisdiction, and there is expert testimony that the children have not bonded with father.

Thus, viewing the record as a whole, we conclude that conduct or conditions existed at the time of the termination trial that are seriously detrimental to the children and that integration of the children into father's home is improbable within a reasonable time. Finally, given that the children have been in substitute care for more than four years and that they need permanency as soon as possible, we are persuaded that it is in the children's best interests for father's parental rights to be terminated.

Affirmed.